Porto Rican American Tobacco Company, Petitioner and Appellant, *v.* Municipal Judge of Río Piedras, Respondent and Appellee.

## Appeal from the Second District Court of San Juan in Certiorari Proceedings.

No. 2907.—Decided July 26, 1923.

Attachment—Bond—Procedure.—A court may always control its own process and a radical way of reaching an insufficient attachment bond is by motion to annul the proceeding which it is supposed to support.

Id.—Id.—Id.—Certiorari.—The issuance or denial of a writ of certiorari is largely within the discretion of the court having jurisdiction, but it can not be issued when the action of the court sought to be reviewed violates no rule of procedure, as in the case of a ruling that an attachment bond is null and void.

The facts are stated in the opinion.

*Mr. H. Torres Solá* for the appellant.

*Mr. E. Díaz Viera* for the opposite party.

Mr. Justice Wolf delivered the opinion of the court.

The appellant, the Porto Rican American Tobacco Company, was the complainant in the municipal court of Río Piedras. It there brought suit against E. R. Torres and others and secured an attachment before judgment. On

motion of the defendants the municipal judge of Río Piedras found the bond to secure the attachment insufficient and cancelled the said attachment and ordered the goods which had been seized to be restored to the defendants. Then the complainant prayed for and obtained the issuance of a writ of certiorari from the District Court of San Juan. After due hearing the said district court annulled the writ.

The district court found that the bond to support the writ was insufficient (1) because it did not appear that the bondsmen owned real estate of double the value of the amount of the bond; (2) that the certificate at the foot of the bond appeared to be signed by "G. Rengel, Secretary," without showing the class of person "G. Rengel" was or of what he was secretary, and (3) likewise that the bond did not have a date nor was there any indication that it was considered and approved by the municipal judge.

Without an assignment of errors in its first point the appellant says that the municipal court was without jurisdiction to annul the bond. Appellant's theory seems to be that as the municipal court, under section 14 of the Act for the Effectiveness of Judgments, is required to act immediately, therefore the municipal court had no control over its own process, at least to annul an attachment. A court may always control its own process and a radical way to reach an insufficient bond is by motion to annul the proceeding which it is supposed to support.

We have decided a number of times, and recently in the case of *Marín* v. *Acosta, Judge,* 30 P. R. R. 92, that the issuance or denial of a writ of certiorari is, to a large extent, discretionary in that court that has the right to issue it. We do not think that the writ of certiorari lies at all, inasmuch as there has been no real infraction of procedure. A bond was filed and a writ of attachment was annulled, but as at present advised we feel bound to hold that a decision declaring a bond null and void violates no rule of

procedure. It is rather a substantive finding by the court in question.

The judgment appealed from should be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey, Hutchison and Franco Soto concurred.